| | |
|---|---|
| J.C. PATEL, doing business as Guardian Real Estate, <br><br> Plaintiff, <br><br> v. <br><br> ERIC BRIAN KEAY and MISTY R. STEVENS, <br><br> Defendant. | No. 1:17-cv-01731-DAD-JLT <br><br> ORDER *SUA SPONTE* REMANDING CASE TO KERN COUNTY SUPERIOR COURT AND DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AS MOOT <br><br> (Doc. Nos. 3, 4) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This is an unlawful detainer action brought under California state law by plaintiff J.C. Patel against defendants Eric Keay and Misty Stevens. On December 21, 2017, defendant Keay removed this case to this federal court from the Kern County Superior Court.[1] (Doc. No. 1.) Defendant Keay asserts that the basis for removal is that plaintiff has failed to comply with the Protecting Tenants from Foreclosure Act ("PTFA"), a federal law that institutes certain protections for tenants of properties being foreclosed upon. (Doc. No. 1 at 2.) Defendant Keay

---

[1] Although there are two defendants listed here, only defendant Keay has filed a motion seeking leave to proceed *in forma pauperis* (Doc. No. 2) and the removal notice is signed only by defendant Keay (Doc. No. 1). The removal notice does not reflect that defendant Stevens has consented to the removal. *See* 28 U.S.C. § 1446(b)(2)(A). However, since the case must be remanded to state court on other grounds as discussed in this order, the court need not decide whether remand is also required due to the lack of evidence of consent on the part of defendant Stevens.

1

filed a motion to proceed *in forma pauperis* on the same date, December 21, 2017. (Doc. No. 2.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485.

Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, defendants have not shown that removal of this action to this federal court is appropriate. Plaintiff's complaint is a straight-forward unlawful detainer action that is based entirely on state law. As stated above, defendants suggest that they intend to invoke the protections of the PTFA. However, this act did not create a private right of action for tenants and expired on December 31, 2014, and therefore provides no basis for subject matter jurisdiction over the instant case in this federal court. *See Mission Cap. Props. v. Dominguez*, No. 17-cv-1389-GPC(KSC), 2017 WL 2963330, at *2 (S.D. Cal. July 12, 2017); *2014-3 IH Borrower L.P. v. Goode*, No. CV 17-00578-TJH (RAOx), 2017 WL 1334288, at *2 (C.D. Cal. Apr. 6, 2017); *Deutsche Bank Nat'l Trust v. Farmer*, No. 12-CV-3455 YGR, 2012 WL 3278822, at *1 (N.D. Cal. Aug. 9, 2012); *Bank of New York Mellon v. Kirby*, No. 1:12-cv-00898-AWI-BAM, 2012 WL 2050423, at *2 (E.D. Cal. June 6, 2012). Because there is no federal question appearing in plaintiff's complaint, defendants have failed to properly invoke this court's jurisdiction. Remand to the Kern County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is remanded forthwith to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

/////

2. Defendant's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as having been rendered moot by this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 22, 2017**__          _____
UNITED STATES DISTRICT JUDGE